# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | EDMOND E. CHANG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8476 | **DATE** | January 3, 2013 |
| **CASE TITLE** | United States ex rel. Robert Ornelas (#K-50305) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is terminated as moot, Petitioner having already paid the $5.00 statutory filing fee. In a separate order, the Court will appoint counsel to represent Petitioner.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Robert Ornelas, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first degree murder on the grounds that: (1) his defense attorney was ineffective in multiple respects; (2) appellate counsel likewise provided ineffective representation; (3) Petitioner's coerced confession should have been suppressed; (4) Petitioner's arrest should have been quashed and evidence obtained during the course of the arrest should have been suppressed in light of the unlawfulness of the arrest; and (5) the Illinois Appellate Court failed to rule on the merits of certain of Petitioner's claims.

Petitioner having already paid the statutory filing fee, his motion for leave to proceed *in forma pauperis* is denied as moot. Petitioner appears to have initiated suit in a timely manner. Although Petitioner has failed to indicate whether he has exhausted state court remedies with respect to the claims raised in his federal habeas petition, non-exhaustion is an affirmative defense that may be waived. Accordingly, Petitioner will be permitted to proceed on his claims for now. This preliminary order does not, of course, preclude the State from making whatever waiver, exhaustion, procedural default, or timeliness arguments it may wish to present.

No response from the State is required at this time. In a separate order, the Court will appoint counsel. Counsel will then review the current petition and confer with Petitioner about whether to file an amended petition.
**(CONTINUED)**

mjm

**STATEMENT (continued)**

    Lastly, the Court notes for the record that, when Judge Chang was an Assistant United States Attorney, he provided legal advice to the investigative and trial team in *United States v. Jon Burge*, No. 08 CR 0846 (N.D. Ill.), and was the appellate attorney for an appellate matter concerning the investigation. The Court does not recall, however, any involvement in any issue concerning the detectives against whom Petitioner has made allegations. But this information is put on the record in order to permit the parties to evaluate any potential motion to recuse.